IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. NO. 16-773 (JAG) |
| JOSÉ A. TORRES-BURGOS [2], | |
| Defendant. | |

MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

Before the Court is a Motion to Suppress filed by Defendant José A. Torres Burgos ("Defendant") on December 12, 2016. Docket No. 456. The United States of America ("the Government") subsequently filed a Response in Opposition. Docket No. 481. The motion was referred to Magistrate Judge Marcos López. Docket No. 457, 668. On November 5, 2019, the Magistrate Judge held a suppression hearing. Docket No. 924. The Magistrate Judge issued a Report and Recommendation ("R&R") on November 12, 2019, recommending that Defendant's Motion to Suppress be denied. Docket No. 959. Defendant then filed an Objection to the R&R, Docket No. 1035; and that was followed up by the Government's Response in Opposition to the Defendant's Objection, Docket No. 1088. After considering Defendant's objections and upon *de novo* review of the arguments, the Court hereby ADOPTS the Magistrate Judge's R&R and DENIES the Motion to Suppress.

In his Objection, Defendant calls into question factual findings and legal conclusions in the R&R. Docket No. 1035 at 1. Specifically, Defendant challenges the Magistrate Judge's conclusions that:

Crim. No. 16-773(JAG)                                                                                   2

     A.   the Government's protective sweep of Defendant's residence was valid, Docket No. 1035 at 3-9;

     B.   Defendant validly consented to the search conducted by the officers, *id.* at 9-17; and

     C.   the adverse presumption for a missing witness was not warranted, *id.* at 15-17.

## I.    Validity of the protective sweep

In the R&R, the Magistrate Judge concluded that the agents' decision to conduct a protective sweep met the conditions articulated in *Maryland v. Buie*, 494 U.S. 325, 327 (1990). The R&R found that the agent that first entered the residence "had reasonable suspicion to inspect the bedroom for any potential threats because Defendant had emerged from that location and, according to the briefing session earlier in the morning, Defendant was a leader of a drug trafficking organization, an armed enforcer, and a convicted felon." Docket No. 959 at 7-8. The factual findings, credibility determinations, and legal conclusions relevant to validity of the protective sweep enjoy adequate support in the record, and the Defendant provides no new evidence to warrant second-guessing the Magistrate Judge. *See Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 575 (1985) (holding that when findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings). Therefore, the Court adopts R&R's conclusion that the protective sweep was valid.

## II.    Validity of Defendant's consent to the search

The Magistrate Judge found that Defendant provided the agents verbal consent to search his residence. Docket No. 959 at 10-11. Defendant objects for the following two reasons:

A.  The Government's illegal search voids any consent given by Defendant, Docket No. 1035 at 10-12; and

B.  Because Defendant was not provided *Miranda* warnings, any consent he may have given should be invalidated, *id.* at 13-15.

Defendant argues that had the Defendant consented to the search, that consent would have been void as it followed an illegal search. Docket No. 1035 at 12. The Court disagrees. As discussed above, the Magistrate Judge determined that the protective sweep was lawful. Docket No. 959 at 8. The Magistrate Judge also determined that, during that lawful protective sweep, the Government discovered a firearm and ammunition in plain view. *Id.* The Magistrate Judge's factual findings and legal conclusions regarding the discovery of the firearm and ammunition are adequately supported by the record. Therefore, this Court adopts the Magistrate Judge's conclusions and rejects Defendant's argument regarding the voidability of the consent.

Defendant also argues that because he was not provided with *Miranda* warnings, any consent he may have given must be suppressed or invalidated. Docket No. 1035 at 14-15. Defendant, however, failed to raise this argument before the Magistrate Judge. Docket No. 959 at 10-11 ("Defendant is not alleging that his consent was involuntarily or unknowingly given, nor that the Government failed to read him his Miranda rights[.]"). Therefore, the Defendant is barred from raising the argument now as an objection to the R&R. *See Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 10-11 (1st Cir. 2000) ("The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding. Because the appellant did not make this

argument to the magistrate judge, she cannot make it here.") (citations omitted).[1] Even more, the Defendant fails to adequately develop this argument, nor does he provide any case law in support; therefore, the argument is deemed waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").[2]

III.     **Adverse presumption for a missing witness**

The R&R concluded that Agent Robert Kelly and Agent Héctor Adames were credible when they testified that Defendant verbally consented to the search of the residence.[3] Docket No. 959 at 10. Defendant objects, claiming that the Magistrate Judge should have applied an adverse inference against the Government for failing to ensure Agent Jeremiah Gonzalez's appearance at the suppression hearing. Docket No. 1035 at 15-17. The Court disagrees.

Defendant argues that the Government's failure to produce Agent Jeremiah Gonzalez at the suppression hearing warrants applying a missing witness adverse inference. Docket No. 1035 at 15. He argues that the adverse inference would be permissible if the Government, while having exclusive control over Jeremiah Gonzalez, failed to produce him as a witness if he could provide

---

[1] Defendant recognizes that he did not claim in his motion to suppress that the agents failed to provide *Miranda* warnings.  Docket No. 1035 at 14 n.2. Defendant argues he did not raise this issue previously because his counsel only learned of a potential *Miranda* violation while questioning the arresting agents at the suppression hearing. *Id.* This contention, however, is unpersuasive because Defendant would have known whether he was given *Miranda* warnings and could have therefore told his counsel.

[2] Not only has Defendant waived the argument by failing to make it before the Magistrate Judge and failing to fully develop it in the objection, but he also fails to provide any case law to support the proposition that physical evidence obtained following a Miranda violation should be suppressed. *See United States v. Faulkingham*, 295 F.3d 85 (1st Cir. 2002) (holding that the *Miranda* exclusionary rule applies to self-incriminatory statements but not to derivative physical evidence obtained after a Miranda violation).

[3] The R&R did not expressly conclude that an adverse missing witness inference was not warranted but, instead, did not address Defendant's request for the adverse inference. However, the Magistrate Judge acknowledged the missing witness but found that the credible testimony in the record from two other agents supports the finding that Defendant consented to the search. Docket No. 959 at 10.

relevant, noncumulative testimony. *Id.* at 16-17; *see United States v. St. Michael's Credit Union*, 880 F.2d 579, 597 (1st Cir. 1989); *United v. Johnson*, 562 F.2d 515, 517 (8th Cir. 1977). However, the conditions for the adverse inference are not met here because (1) Agent Jeremiah Gonzalez was not under the Government's exclusive control for he was on military duty, Docket No. 984 at 154; and (2) Agent Jeremiah Gonzalez's testimony would be cumulative since two other agents testified regarding Defendant's consent to the search, Docket No. 959 at 10. Therefore, this Court disagrees that the Magistrate Court should have made a missing witness adverse inference.

In view of the foregoing, the Court hereby ADOPTS the Magistrate Judge's R&R in its entirety for the reasons stated therein and, accordingly, DENIES Defendant's Motion to Suppress.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, April 27, 2020.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge